UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PARRISH CHASE,<br>　　Plaintiff,<br><br>　　v.<br><br>KENNETH WALKER, et. al.,<br>　　Defendants. | C. A. No. 12-58-M |

## ORDER

This Court issued an Order after reviewing Plaintiff Parrish Chase's § 1983 pro se complaint and IFP Motion pursuant to 28 U.S.C. § 1915. (ECF No. 8.) On July 2, 2012, this Court found that the § 1983 claims alleging due process violations by the Parole Board and its member defendants —Counts I, II, III, and VII— could proceed. *Id.* This Court based its decision on the assertion that Mr. Chase had alleged due process claims concerning the procedures of the Parole Board. (*Id.* at 3-4.) The remaining counts and defendants were dismissed on other grounds. (*Id.* at 4-5).

Under 28 U.S.C. § 1915(e)(2) and (e)(2)(B)(ii), a court can dismiss a pro se prisoner's complaint "at any time" if it "fails to state a claim on which relief may be granted." Upon further review, this Court finds that it erred in allowing Mr. Chase's complaint to go forward as to Counts I, II, III, and VII. Mr. Chase brought these claims pursuant to 28 U.S.C. § 1983. Claims arising from the "validity of the fact or length of their confinement" must be brought as a petition for habeas corpus, and not as § 1983 claims. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This Court has so ruled in another case, two weeks after issuing its § 1915 Memorandum and Order in this case. *See Moore v. Wall*, C.A. No. 11-483-M, 2012 WL 2921823, at *3-4 (D.R.I. July 17,

2012).[1]

Because Mr. Chase's claims concerning his treatment by the Parole Board involve the length of his confinement, these claims must be brought via a petition for writ of habeas corpus.[2] As such, Mr. Chase's § 1983 parole board claims therefore "fail[] to state a claim on which relief may be granted" and are DISMISSED. *See* 28 U.S.C. § 1915(e)(2) and (e)(2)(B)(ii). This Court, therefore, erred in its July 2, 2012 Memorandum and Order and the portions of that Memorandum Order addressing Counts I, II, III, and VII are hereby VACATED.

Mr. Chase's § 1983 action is therefore DISMISSED in its entirety.[3]

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

DATED: July 31, 2012

---

[1] This Court's Memorandum and Order in *Moore* is incorporated here and attached as Exhibit A.
[2] Habeas claims by petitioners in state custody must first be presented in state court and a plaintiff must exhaust all state remedies available before a federal court can consider the habeas petition. *See, e.g., Moore*, 2012 WL 2921823 at *4.
[3] Mr. Chase filed a Motion to Alter or Amend the Court's Order. (ECF No. 10.) Upon review of the motion and supporting materials, that motion is DENIED.

2