UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| PARRISH CHASE,<br>    Plaintiff,<br><br>v.<br><br>KENNETH WALKER, et al.,<br>    Defendants. | C. A. No. 12-58-M |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Defendants Kenneth Walker, Victoria Almeida, and Nancy Garcia-Ponte, three members of the R.I. Parole Board, seek dismissal of this § 1983 action brought by a state prisoner because they are entitled to immunity for actions taken in the performance of their official duties.[1] (ECF No. 18.) Since this Court finds that they are entitled to immunity from this suit, Defendants' Motion to Dismiss is GRANTED.

Plaintiff Parrish Chase, an inmate at the Adult Correctional Institutions, filed an Amended Complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 and related statutes. (ECF No. 5.) The Complaint originally named eight defendants and asserted ten counts, but after this Court's screening pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A,[2] only four counts (Counts 1,

---

[1] Defendants assert a number of additional grounds for dismissal, including: Mr. Chase inappropriately brought this as a § 1983 action; defendants are not amenable to suit under § 1983 because they are not "persons' under that statute; the Complaint fails to state a due process claim; and various constitutional allegations do not state a claim upon which relief can be granted. (ECF No. 18.) Because their assertion of immunity is dispositive, this Court need not address these additional challenges to the Complaint.

[2] The Court dismissed Counts 4, 5, 6, 8, 9 and 10, as well as the following defendants: Matthew Degnan, the Administrator of the parole board; three R.I. Department of Corrections employees (Director Ashbel T. Wall, II, Norbert Lachmann, and Kim Avedisian); and Governor Lincoln Chafee.

2, 3, and 7) against Kenneth Walker, Victoria Almeida, and Nancy Garcia-Ponte, three members of the R.I. Parole Board, remain. (ECF No. 8.) The surviving counts allege that Mr. Chase's constitutional rights to due process were violated because these three members of the R.I. Parole Board: provided an insufficient rationale for denying him parole; took too long to reconsider his parole; held an insufficient hearing; and considered a factor already applied by other branches of government.[3] (ECF No. 5 at 10-11, 14.)

The First Circuit has determined that parole board members are entitled to absolute immunity from liability for damages in a § 1983 suit for actions taken within the scope of their official duties. *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 8 (1st Cir. 1987); *see also Mattatall*, 2009 WL 3514634, at *3 (in § 1983 action, parole board members have absolute immunity from liability for damages); *Pelletier v. Rhode Island*, C.A. No. 07-186, 2008 WL 5062162, at *4 (D.R.I. Nov. 26, 2008) (same); *Nicolas v. Rhode Island*, 160 F.Supp.2d 229, 231 (D.R.I. 2001) (same). In *Johnson*, the First Circuit held that "parole board members are entitled to absolute immunity from liability for damages in a § 1983 action for actions taken within the scope of their official duties." *Id.* at 8. This quasi-judicial immunity arises because parole board officials perform tasks functionally comparable to judges. *Id.* at 6-7.

Here, the Complaint's allegations reveal that at all relevant times, the three R.I. Parole Board member defendants acted within the scope of their official duties and were conducting quasi-judicial individual adjudications; therefore, they enjoy absolute immunity. Mr. Chase's attempt to characterize defendants' actions as "administrative and non-judicial" and

---

[3] The Complaint also sought injunctive relief, but it did not seek such relief against any of the three R.I. Parole Board member defendants in connection with a surviving count. (*See* ECF No. 5 at 19, seeking public records.) Even if claims for injunctive relief were pending, such claims would fail because "§ 1983 includes language shielding the Parole Board Members from [] claims for injunctive relief." *Mattatall v. Rhode Island*, C.A. No. 07-234, 2009 WL 3514634, at *4 (D.R.I. Oct. 29, 2009).

consequently outside the scope of their immunity fails. (ECF No. 29 at 3-5.) Not only is Mr. Chase's attempt to reclassify the very essence of the Complaint inappropriate, but the Complaint's allegations cannot support such a distinction. Mr. Chase's claims all relate to the judicial decision-making function of the R.I. Parole Board and its members' quasi-judicial action in connection with their decision about his parole: the "intentional use of the 'serious nature of the crime' as its sole rationale," (ECF No. 5 at 10); "[t]he Board's four-year reconsideration date," (*id.*); the "three questions during a three minute hearing lacked any probative value" (*id.* at 11); and "[t]he Board's use of factors." (*Id.* at 14.) This conduct falls within the scope of the Parole Board members' official quasi-judicial duties; it is not an administrative function.

Accordingly, Kenneth Walker, Victoria Almeida, and Nancy Garcia-Ponte were acting in their official capacity conducting their decision-making adjudicative quasi-judicial functions. In doing so, they enjoy the protections of immunity. Because this Court finds that these defendant members of the R.I. Parole Board are entitled to immunity from this suit, Defendants' Motion to Dismiss (ECF No. 18) is GRANTED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

April 10, 2013